**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Denise Michelle CONTRERAS,**
**Defendant–Appellant.**

**No. 03–11067.**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 16, 2004.

Vicki H. Lamberson, Assistant US At-
torney, US Attorney's Office, Northern
District of Texas, Amarillo, TX, for Plain-
tiff–Appellee.

Thomas Dale Farris, Peterson Farris
Moss Pruitt & Parker, Amarillo, TX, for
Defendant–Appellant.

Before JOLLY, WIENER, and
PICKERING, Circuit Judges.

PER CURIAM.*

Denise Michelle Contreras appeals the
188–month sentence imposed following her
guilty plea to conspiracy to possess with
intent to distribute methamphetamine and
aiding and abetting. 21 U.S.C. §§ 846 and
841(a)(1) & (b)(1)(A); 18 U.S.C. § 2.

Contreras argues the district court
erred by enhancing her offense level pur-
suant to U.S.S.G. § 3B1.1(b) based on a
finding that she was a manager or supervi-
sor of criminal activity involving five or
more participants. Reliable information
contained in the PSR and introduced at
sentencing showed that Contreras supplied
cellular telephones to other members of
the operation, she equipped others with
materials necessary to the furtherance of
the drug operation, she directed others to
complete financial transactions for the
drug operation, she set prices and con-
trolled the delivery of the methamphet-
amine, and she paid her brother a flat fee
for drug deliveries that he made while she

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

**240**

herself was paid in pounds of methamphetamine.

The district court did not clearly err in finding that Contreras had a supervisory or managerial role in the drug operation. *See* U.S.S.G. § 3B1.1, comment. (n.4); *United States v. Parker*, 133 F.3d 322, 329 (5th Cir.1998); *United States v. Manthei*, 913 F.2d 1130, 1135 (5th Cir.1990). Nor did the district court err in applying the preponderance-of-the-evidence standard to a disputed sentencing issue. *See United States v. Carreon*, 11 F.3d 1225, 1240 (5th Cir.1994).

AFFIRMED.

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.